

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEQUITA BOSWELL,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DENIS McDONOUGH, Secretary, U.S. Department of Veterans Affairs,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 25-cv-1769-RSH-AHG<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>[ECF No. 2] |

On July 10, 2025, plaintiff Shequita Boswell, proceeding pro se, filed a civil action against the Secretary of the U.S. Department of Veterans Affairs alleging pregnancy discrimination. ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. §1915(a). ECF No. 2.

**I.　　MOTION TO PROCEED IFP**

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). However, under 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution, or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP

application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F. 3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

The Court has reviewed Plaintiff's IFP motion and the supporting affidavit and concludes that Plaintiff qualifies for IFP status. Accordingly, the Court grants Plaintiff leave to proceed IFP.

## II.   SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### A.   Legal Standard

When reviewing an IFP application, the Court must also review the underlying complaint to determine whether it may proceed. A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal should the Court determine, inter alia, that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under [28 U.S.C.] § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.* at 678–79.

Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. (citation omitted).

### B.     The Complaint

The Complaint contains the following factual allegations:

> In 2024, while on approved FMLA leave due to childbirth, Plaintiff was reassigned by the VA to a cybersecurity internship with the National Credit Union Administration (NCUA) without her consent or any formal resignation. The VA reported her as having left her position, resulting in a loss of income, employment status, and medical benefits. Plaintiff never resigned and was unaware of the reassignment until after giving birth via C-section. She also experienced postpartum complications and sepsis, making timely objection impossible.

ECF No. 1 at 2. Without further elaboration of her claims or the underlying factual allegations, the Complaint recites that Plaintiff is suing for: (1) pregnancy discrimination in violation of Title VII, (2) retaliation in violation of Title VII, (3) disability discrimination in violation of the Rehabilitation Act, (4) "Privacy Act Violations," and (5) "Constructive Removal – Due Process Violation." *Id.* Plaintiff seeks reinstatement, back pay, compensatory damages, and injunctive relief. *Id.*

### C.     Discussion

Title VII of the Civil Rights Act of 1964 provides that it is unlawful "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The statute also prohibits employers from retaliating against an employee who opposes "an unlawful employment practice" under Title VII. *Id.* § 2000e-3(a). The Rehabilitation Act applies to federal employees and prohibits discrimination against an otherwise qualified person on the basis of his or her disability. *See* 29 U.S.C. § 791.

Before a federal employee may bring a claim in court under Title VII for discrimination or retaliation, the employee must first seek administrative relief within the agency responsible for the alleged discrimination. *See* 42 U.S.C. § 2000e-16(c). Similarly,

"[a] federal employee asserting a claim of discrimination under the Rehabilitation Act must exhaust administrative remedies before filing a civil action in district court." *Bullock v. Berrien*, 688 F.3d 613, 616 (9th Cir. 2012) (citation omitted). The aggrieved employee must first "initiate contact with a[n EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R.§ 1614.105(a)(1). "If an informal resolution is not achieved, the employee must then file a formal complaint for decision by an ALJ." *Bullock*, 688 F.3d at 616 (citing 29 C.F.R. §§ 1614.105(d), 1614.106). After the employee's agency issues a final agency decision, the employee may appeal the decision to the EEOC within 30 days of the final agency decision, 29 C.F.R. § 1614.402(a), or file a federal civil action within 90 days of the final agency decision (or after 180 days from filing of the formal complaint, if the agency has not taken any action after that time). 42 U.S.C. § 2000e-16(c); 29 C.F.R. 1614.407(a)-(b); *Bullock*, 688 F.3d at 616. "Title VII's exhaustion requirements for suits against federal government agencies were not meant to erect a massive procedural roadblock to access to the courts but rather to give the agency the opportunity to right any wrong it may have committed." *Jasch v. Potter*, 302 F.3d 1092, 1096 (9th Cir. 2002) (citation and internal quotation marks omitted).

The Complaint here contains no allegations regarding compliance with the administrative exhaustion requirements under Title VII or the Rehabilitation Act. These claims are therefore subject to dismissal. *See, e.g.*, *Neill v. YMCA of San Diego*, No. 23-cv-457-JLS (DEB), 2024 WL 1859950, at *4 (S.D. Cal. Apr. 29, 2024) ("Not only must a plaintiff exhaust her claims to bring suit, but she must also *plead* exhaustion."); *Williams v. Wolf*, No. 19-cv-00652-JCS, 2019 WL 6311381, at *6 (N.D. Cal. Nov. 25, 2019) ("Williams must allege compliance with [Title VII's administrative complaint] requirement (or waiver by the Secretary, which she does not assert) in order to state a claim on which relief may be granted.").

For Plaintiff's unelaborated assertions of "Privacy Act Violations" and "Constructive Removal – Due Process Violation," the Court is unable to discern from the

Complaint adequate factual allegations or legal theories supporting a valid claim.

"A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988)). The Court concludes that leave to amend is warranted here.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed IFP [ECF No. 2] is **GRANTED**. Upon determination that the Complaint fails to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B) the Court **DISMISSES** the Complaint with leave to amend. Plaintiff may file an amended complaint addressing the deficiencies identified herein within **thirty (30) days** from the date of this Order. If Plaintiff does not timely file an amended pleading, the Court will dismiss the action.

**IT IS SO ORDERED**.

Dated: August 1, 2025

_____
Hon. Robert S. Huie
United States District Judge